HETTIE GRIMES *v.* STATE.

[54 South. 839.]

CRIMINAL LAW. *Acts constituting an assault.*

A party is not guilty of assaulting another with an ax, where he is not in striking distance, nor sufficiently near to put such other in fear of being struck nor prevented by any person or means from striking.

APPEAL from the circuit court of Forrest county.

HON. PAUL B. JOHNSON, Judge.

Hettie Grimes was convicted of an assault and appeals.

The facts are fully stated in the opinion of the court.

*D. M. Watkins,* for appellant.

There could not possibly have been any simple assault under the evidence, committed by appellant.. Particular attention of the court is called to the decision of this court in the case of *Bailey* v. *State,* 93 Miss. 79. In that case Bailey was indicted for assault and battery with intent to kill and murder, and was found guilty of simple assault and battery; this court on appeal of the case reversed and remanded because of the absurdity of the verdict.

*Jas. R. McDowell,* assistant attorney-general, for appellee.

Counsel for defendant claims that if he was not in reach of the prosecutor and did not, as a matter of fact, strike at him, but only drew the ax back, then an assault has not been committed. I submit this is not the law. Drawing a deadly weapon upon another is as much an assault as striking at and missing one. It is not necessary that a blow be delivered. What constitutes a deadly weapon is a question for the jury. (*Saffold* v. *State,* 76 Miss. 258; *State* v. *Sims,* 80 Miss. 381.) Certainly, an ax drawn on another is a deadly weapon. The ax might have been thrown or hurled at the head of this witness with just as deadly effect.

ANDERSON, J., delivered the opinion of the court.

The appellant was indicted for an assault with an ax with intent to kill and murder, was convicted of an assault, and appeals to this court.

It is said in 2 Bishop's New Criminal Law, p. 19, §§ 31 and 32: "One who rushes upon his adversary to strike, though not near enough for the blow to take effect, commits the offense (assault) provided he is sufficiently near to create in a person of ordinary firmness a fear of immediate violence unless he strikes in self-defense. . . . There is no need for the party assailed to be put in act-

ual peril, if only well-founded apprehension is created. For his suffering, is the same in the one case as in the other, and the breach of the public peace is the same." Applying this rule to the undisputed facts of this case, it is clear the appellant is not guilty of the charge of which she was convicted. The evidence shows without conflict that the appellant was not in striking distance with the ax of the state's witness Natalie Kelly, nor was she sufficiently near to put her in fear of being struck, nor was she prevented by any person, or other means, from striking. The court below, on the motion for a new trial, should have set aside the verdict, and discharged the appellant.      *Reversed and remanded.*